IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CIV. 9297**

ANTONIO ROMAN,

   -v-                                          CASE NO. _____

MAYOR BLOOMBERG FOR THE CITY OF                 CIVIL RIGHTS COMPLAINT
NEW YORK, POLICE COMMISSIONER KELLY
FOR THE NEW YORK POLICE DEPARTMENT,
POF SHANAY BOONE, SGT. KEVIN GRAYSON,
LT. JAMES COSGROVE, POF SULLIVAN, PO Adam Landau, and;
SCARIZZINI, PO GAVIN, PO LAPORTE, PO SHARPE,
AND PERSONS UNKNOWN.

## PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. § 1983

   COMES NOW, the Plqaintiff and files this Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, as a Bivens Action.

   Section 42 U.S.C. 1983 provides in part:

   "Every person under color of any statute , ordinance, custom, or usage , of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding  or redress..."[1]/

   Further , the Supreme Court has ruled [2]/...that muncipalities were liable under § 1983 to be sued as 'persons' within the meaning of that statute, when the alleged unlawful action implemented or was executed pursuant to a governmental policy or custom.[3]/

---

1. 42 U.S.C. § 1983

2. In Monell v Department of Social Services, 436 U.S. 658, 98 S.Ct.

This can therefore, be considered a Monell Action under Bivens.

**PLAINTIFF:**

**ANTONIO ROMAN:** MCC, 150 Park Row, New York, N.Y. 10007.

**DEFENDANTS:**
1. Mayor Bloomberg for the City of New York, 253 Broadway #9, New York, N.Y. 10007.
2. Police Commissioner Kelly for the N.Y.P.D. 1 Police Plaza, New York, N.Y. 10007.
3. POF Shanay Boone, and;
4. Sgt. Kevin Grayson, and;
5. Lt. James Cosgrove, and;
6. POF Scarizzini, and; PO Gavin, and;
7. PO LaPorte, and;
8. PO Sharpe, and; P.O. Adam Landau, and:
9. Persons Unknown.

Defendant's number 3 above through 9 are all officers of the New York Police Department the 44 th. Pct. Bronx, New York.

The Plaintiff is filing the Complaint Pro Se.

This is not a prison litigation and ,therfore, no exhaustion of adminstrative remedies is applicable and further, this is a Bivens action seeking Puntive and Compensatory Damages against each defendant individually.

---

continued:

2. 2018, 56 ,L.Ed.2d. 611 (1978).

3. Reynolds v Giuliani, 506 F.3d. 183, 190 (2d Cir. 2007) (citing Monell, ib. id.).

## COMPLAINT

1. The Plaintiff was alone in the Bronx on February 02, 2010.

2. The New York Police DEpartment received a complaint of a Robbery in the vinicity of 1370 University Avenue, Bronx, New York.

3. The N.Y.P.D. responded to the Complaint.

4. The Complaint #2010-044-02303 is believed to have been filed by Hector Frias.

5. The NYPD when they came to the scene of the robbery they observed the Plaintiff on the sidewalk in the vincity of the Robbery.

6. There was no probable cause to believe the Plaintiff had any relationship to the Robbery Complaint.

7. The Plaintiff was not dressed as the description given by the complaing party.

8. The alleged robber was dressed in black completely.

9. The Plaintiff after arrest and inventory had on blue jeans and colored sneakers.

10. The Plaintiff after arrest and inventory had a wallet with 2 photos, oxford health card, worker comp. card, multi lock card, a cash zone card, U.S. Probation card, 32 hour scafold erector card id., 1 osha card, and $379.00 in cash. This is not typically what a robber carries on his person.

11. The officers herein named individually and in concert with each other stopped the plaintiff and proceeded to accuse him of the reported robbery.

12. When the plaintiff denied any knowledge of the robbery the officers individually and jointly proceeded to beat the Plaintiff. The officers used fist, feet, and blunt objects.

-3-

13. Plaintiff, the Officers utilized fist, feet, and blunt objects to beat and brutilize the Plaintiff.
14. The NYPD Officers alleged, a bag of drugs stolen from the victim discovered in area, not associated with the Plaintiff was the result of the Plaintiff's Robbery.
15. The alleged victims were known drug dealers.
16. A weapon, a 9MM, semi-automatie, Smith Wesson hand gun, serial number 011963; was discovered on the ground near the Plaintiff.
17. This firearm, after analysis did not have any fingerprints or DNA available from the various test adminstered.
18. This weapon was planted by the NYPD Officers.
19. On information and belief this weapon was removed from the victims apartment by the NYPD Officers to be planted on or near the Plaintiff.
20. On information and belief the NYPD Officers created this false arrest to cover the conversion, of the victims as Confidential Informats for the NYPD.
21. The NYPY Officers alleged the Plaitiff's injuries were the result of the Plaintiff jumping approximately 70 feet from the building associated with the robbery.
22. The Defendant's individually, and jointly violated the Plaintiff's rights under the New York State Constitution, and under the Fourth, and Fifteenth Amendment of the U.S.Constitution pursuant to 42 U.S.C.§ 1983 as the result of the plaitiff's false arrest and false imprisonment.

MEMORANDUM OF LAW

The Plaintiff is proceeding Pro Se and thus the complaint must be construed to raise the strongest claims the allegations suggest.[1] This rule applies "with particular stringency to [prose] complaints of civil rights violations.[2]

This complaint pursue a cause of action against the City of New York. The Plaintiff has presented a municipal policy or custom of the 44th Precinct Bronx New York which provides that the municipality is liable under a civil rights complaint.[3] This presents to the court an ongoing habit and custom of police brutality, use of excessive force, illegal imprisonment, and false imprisonment.

Further, this ongoing custom by these defendant's represents a "public interest" so that the complaint is not brought to simply vindicate the Plaintiff's rights, a private right; but rather to vindicate a public interst against such custom.[4] This, further, pprovides a forum to speak out against such conduct which are matters of "public concern".[5]

---

1. Pabon v Wright, 459 F.3d. 241, 248 (2d Cir. 2006).

2. Monell v Dept. of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

3. City of Oklahoma City v Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

4. Union Free Sch. Dist. No. 6 of the Town of Islip and Smithtown v New York State Human Rights Appeal Bd., 35 N.Y. 2d 371, 320 NE 2d 859, 362 N.Y.S. 2d 139 (1974).

5. Mills v Monroe County, 59 N.Y.2d 307, 312, 320 N.E. 2d 859, 464 N.Y.S. 2d 709, (1983)

The Plaintiff will ask the court to require the defendants to provide discovery concerning all allegation of misconduct against all of the defendants and the 44th Precinct, and the City of New York Investigation in progress concerning all of the defendants as such information is relevant to the Monell claims. The Second Circuit has found that the district court must permit this discovery material. [6] This has been reinforced by the Second Circuit to allow the discovery of additonal excessive force investigations. [7]

The Plaintiff request that the court issue an immediate order of discovery.

---

6. DiSorbo v Hoy, 74 Fed. Appx. 101 103-04, 2003 WL 22037275 at **2 (2d Cir. 2003). See also: Fiacco v City of Rensselar, 783 F.2d. 319 (2d Cir. 1986).

7. Sango v City of New York, No. 83 CV 5177, 1989 U.S. Dist. LEXIS 18214, 1989 WL 86995 at *10 (E.D.N.Y. July 25,1989)

# MEDICAL TREATMENT OF PRISONER
PD 244-150 (Rev. 12-99)-Pent-RMU

1985820

**Date:** 02/24/10

## SECTION I - TO BE COMPLETED BY N.Y.P.D.

**Prisoner's Name (Last, First, M.I.) (Print):** Roman, Antonio
**Age:** 
**Sex:** M
**Address Street:** 631 E 168th ST
**Zip Code:** 10456
**Apt.:** 4C
**Telephone No.:**

**Arresting Officer:** PO Boone
**Shield No.:** 17211
**Tax Reg. No.:** 944375
**Command:** 044

**Arrest No.:** b10616466m
**Cmd. Of Arrest:** 044
**Charge:** 160.15

**Escort Officer:** PO Landau, Adam J
**Shield No.:** 18028
**Tax Reg. No.:** 932879
**Command:** 044

**Prisoner Requests/Requires Medical Aid:** ☑ Yes ☐ No
**Prisoner Refused Medical Aid:** ☐ Yes ☑ No

**Transported To Hospital (Name):** Lincoln
**Date:** 2/24/10
**Time:** 0440
**ACR #:**
**If Injury:** ☐ Old ☑ New

**Attempted Suicide:** ☐ Yes ☑ No

**E.S.U. Responded:** ☐ No ☑ Yes ☐ No

**Prescription Medication Possessed At Arrest:** ☐ Yes ☑ No

**Remarks:**
prisoner fell off fire escape landed face down onto sidewalk suffering facial abrasions

Pt received CT scans of head, neck, abd, pelvis and c-spine all negative. C-collar was removed. Pt doesn't have any internal injuries. MARTINEZ 4156 14X1
Pt given prescription for pain control.

## SECTION II - TO BE COMPLETED BY HOSPITAL MEDICAL STAFF

**Admitted To Hospital:** ☑ Yes ☐ No
**Suicide Watch Recommended By Hospital Staff:** ☐ Yes ☑ No
**Transfer to Psychiatric Hospital Recommended By Hospital Medical Staff:** ☐ Yes ☑ No
**Medication Prescribed:** ☑ Yes ☐ No
**Medication To Be Taken As Prescribed:** ☑ Yes ☐ No
**Medication To Travel With Prisoner:** ☑ Yes ☐ No
**Refer To Psychiatric Hospital:** ☐ Yes ☑ No

**Print Name:** Shaikh, Faiq A.
**Title:** MD PGY1
**Date:** 2/25/10
**Time:** 12 pm

**NYPD Court Section Supervisor:** Sgt. Feliz
**Court Section:** BX CT
**Date:** 2/25/10
**Time:** 1500





NY/NJ HIDTA

Katie
212-3
Kviggio

NY/NJ HIDTA

Single Image

Page 1 of 1

# OCCURRENCE REPORT — UNAPPROVED

**ATTACHMENT ORIGINAL** — Page 2 of 2

| Pct. of Occurrence | Date of Original Report | Time | Place of Occurrence and Type of Premise | Crime/Condition |
|---|---|---|---|---|
| 44 | WEDNESDAY 02/24/2010 | 0150 | 1370 UNIVERSITY AVE APT 3-B | ROBBERY "HOME INVASION" |

**Apparent Motive:** MONETARY GAIN

**DETAILS:** (COMPLETE AND CONCISE: INCLUDE DESCRIPTION AND VALUE OF ANY PROPERTY TAKEN)

ON THIS DATE AT 0150 HRS THE 3 VICTIMS WERE AT HOME AND THE PERP WHILE HOLDING A HANDGUN ENTERED THE APT THROUGH THE BEDROOM WINDOW WAKING VICTIM# 2 AND 3. VICTIM #1 WHO WAS WATCHING TV ON THE COUCH IN THE LIVING ROOM ATTEMPTED TO RUN OUT THE FRONT DOOR OF THE APT. VICTIM #2 AND 3 RAN FROM THE BEDROOM YELLING CALL THE POLICE AND THEY RAN OUT THE FRONT DOOR OF THE APT. VICTIM #1 WHO WAS WATCHING TV ON THE COUCH IN WITH A BELT, AS THE PERP WENT THROUGH THE APT GRABBED HIM AT GUN POINT AND TIED HIM UP IN THE BEDROOM WINDOW AND DOWN THE FIRE ESCAPE WHERE PATROL WAS WAITING. THE PERP WAS THEN OBSERVED BY PATROL ON THE FIRE ESCAPE AND WAS APPREHENDED A SHORT TIME LATER. A 9MM HANDGUN AND A BLACK BAG WERE RECOVERED FROM THE FIRE ESCAPE WHERE THE PERP WAS OBSERVED. A PLASTIC BAG CONTAINING A WHITE POWDER BELIEVED TO BE A CONTROLLED SUBSTANCE WAS FOUND IN THE VICTIMS APT AND ALL 3 WERE ARRESTED AND CHARGED WITH CPCS.

### COMPLAINANT(S): (SEX CRIME VICTIMS ARE NOT TO BE NAMED)

| Last Name | First Name | M.I. | Last Name | First Name | M.I. |
|---|---|---|---|---|---|
| Address 1370 UNIVERSITY AVE | City/State BRONX, NY | Apt # 3-B | Address | City/State | Apt # |
| Sex F | Race/Ethnicity BLACK HISPANIC | Age | Date of Birth | Sex | Race/Ethnicity | Age | Date of Birth |
| NYSIS # NONE | Actions Prior to Incident SLEEPING AT HOME | | NYSIS # | Actions Prior to Incident | |
| Type of Injury NONE | Hospital | Condition/Prognosis | Type of Injury | Hospital | Condition/Prognosis |

### PERPETRATOR(S) - NUMBER OF PERPS: 1 - NUMBER ARRESTED: 1

| Last Name | First Name | M.I. | Arrested | Last Name | First Name | M.I. | Arrested |
|---|---|---|---|---|---|---|---|
| Address | City/State | Apt # | D.O.B. | Address | City/State | Apt # | D.O.B. |
| Sex | Race/Ethnicity | Age | | Sex | Race/Ethnicity | Age | |
| Description of Clothing: | | | | Description of Clothing: | | | |
| NYSIS # | Nickname | | | NYSIS # | Nickname | | |
| Criminal History | | | | Criminal History | | | |

| Type of Injury | Weapons | | | On Parole Warrant |
|---|---|---|---|---|
| Vehicle Used | Make | Model | Color | Plate |
| Arresting Officer | | | Command | |

**INITIAL INVESTIGATIVE STEPS TAKEN:** (CANVASS, INTERVIEWS, COMPUTER CHECKS, ALARM, PHOTOS, ETC.)
INTERVIEW VICTIMS
RESPONSE TO SCENE
CANVASS

### NOTIFICATIONS:

| | Name | | | Name | |
|---|---|---|---|---|---|
| Chief of Detectives: | DET RAMIREZ | Present | Major Case: | | |
| Det. Borough: | PO BIONDOLILLO | N | Bias: | | |
| Det. Duty Captain: | CAPT MCGEE | N | Intell: | | |
| Squad Supervisor: | LT FLEMING | N | Transit: | | |
| Covering Supervisor: | | N | Housing: | | |
| Homicide Squad: | | | Other 1: | OPERATIONS PO SIT | Present |
| Crime Scene: | DET HSU | | Other 2: | DCPI DET CAVITOLO | N |
| Crime Scene Run #: | | N | | NO KITES NARCO DET PREIRSCHAT | N |
| Ada: | | | | 64 CITY 18 BRONX CENT ROBBERY DET HANSEN | N |
| M.E.: | | | RTCC: | | N |
| M.E. Case #: | | | RTCC Case #: | | |

| Complaint # 2010-44-2303 | Pct 44 | Case # | Det Assigned MICHAEL CULLEN |
|---|---|---|---|
| Date of this Report 02/24/2010 | | | |

Handwritten notations: "McCray, Jesu..." "318.253.7037"

# PROPERTY CLERK INVOICE
PD 521-141 (Rev. 11-09)

**R291817**

☒ ARREST EVIDENCE  ☐ DNA ARREST EVIDENCE  ☐ FORFEITURE  ☐ FOUND PROPERTY  ☐ PEDDLER PROPERTY
☐ INVESTIGATORY  ☐ DNA INVESTIGATORY  ☐ DECEDENT'S PROPERTY  ☐ SAFEKEEPING  ☐ OTHER:

| | Tax No. | Command | Invoice Date | Invoicing Command |
|---|---|---|---|---|
| Invoicing Officer Rank/Name | | 44 | 2/23/10 | 44 |
| po boone | | | | |
| Arresting Officer Rank/Name | Tax No. | Command | Complaint No. (Yr.-Pct.-No.) | Aided/Accident No. |
| po boone | | 44 | 2010 44 2303 | |
| Investigating Officer Rank/Name | Tax No. | Command | Related Comp. No. (Yr.-Pct.-No.) | OCME EU No. |
| Detective Squad Supervisor Rank/Name | | Command | Det Squad Case No. | OCME FB No. |
| CSU/ECT Processing Officer Rank/Name | Tax No. | Command | Police Lab Evid. Control No. | CSU/ECT Run No. |

☒ Arrest  Date 2/24/10  Charge/Offense Under Investigation: PL 160.15
☐ Incident

Fel ☒ Misd ☐ Vol ☐ J.D. ☐ Homicide ☐ Sex Of ☐  Arson/Explosion ☐  Internal Invest ☐  MOS Compl/Victim ☐

Finder of Property: Address (Include City, State, Zip, Apt.)
2 e 169 street

Owner of Property (See Instructions): Address (Include City, State, Zip, Apt.)
po sharpe  bx, ny  Telephone No.

Complainant's Last Name, First Name: Address (Include City, State, Zip, Apt.)
deft  1370 university ave 3b bx, ny  Telephone No.

Prisoner's Last Name, First Name, M.I.  D.O.B.  Address (Include City, State, Zip, Apt.)
rosan, antonio  12/1/75  631 e 165 street 4c bx, ny  Arrest No. b10616466

| ITEM No. | QTY | ARTICLE | CASH VALUE USC only | PEDDLER/LEAD SEAL No. | SEC/NARCO ENVELOPE No. | TOTAL CASH VALUE | Pink Receipt Issued |
|---|---|---|---|---|---|---|---|
| 1 | 01 | grey Motorola 1680 cellphone | | | | | |
| 2 | 01 | blk battery | | | | | |
| 3 | 01 | sims card | | | | | |
| 4 | 01 | black wallet | | | | | |
| 5 | 01 | nys license | | | | | |
| 6 | 01 | nys permit | | | | | |
| 7 | 01 | td bank debit card | | | | | |
| 8 | 01 | chase debit card | | | | | |
| 9 | 01 | kings country health card | | | | | |
| 10 | 01 | metro card | | | | | |

IMEI No. 0117002400465[?]

Additional Invoice Nos. Related to This Case Including Vehicles
1.

DISPOSITION & DATE (For Property Clerk Use Only)