USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5-11-2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO ROMAN

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

MAYOR BLOOMBERG FOR THE CITY OF NEW YORK,
POLICE COMMISSIONER KELLEY FOR THE NEW YORK
CITY POLICE DEPARTMENT, POF SHANAY BOONE,
SGT. KEVIN GRAYSON, LT. JAMES COSGROVE,
POF SULLIVAN, PO ADAMS LANDAU, PO SCARIZZINI,
PO GAVIN, PO LAPORTE, PO SHARPE AND
PERSONS UNKNOWN

**SECOND AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☒ Yes   ☐ No
(check one)

10 Civ. 9297 (LAP)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

PRO SE OFFICE

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name   Antonio Roman
             ID#    51745-054
             Current Institution   MCC
             Address   150 Park Row
                       New York, N.Y. 10007

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  Mayor Bloomberg   Shield #
                  Where Currently Employed   Mayor New York City
                  Address   253 Broadway #9
                            New York, NY 10007

| | | |
|---|---|---|
| Defendant No. 2 | Name <u>Ray Kelley</u> | Shield # _____ |
| | Where Currently Employed <u>N.Y. Police Commissioner</u> | |
| | Address <u>1 Police Plaza</u> | |
| | <u>New York NY 10007</u> | |

| | | |
|---|---|---|
| Defendant No. 3 | Name <u>POF Shanay Boone</u> | Shield # _____ |
| | Where Currently Employed <u>Police Officer NYPD</u> | |
| | Address <u>44th. Pct. 2 East 169 Street</u> | |
| | <u>Bx. NY 10452</u> | |

<span style="border:1px solid">Who did what?</span>

| | | |
|---|---|---|
| Defendant No. 4 | Name <u>Sgt. Kevin Gratson</u> | Shield # _____ |
| | Where Currently Employed <u>Sgt.NYPD</u> | |
| | Address <u>44th. Pct. 2 East 169 St.</u> | |
| | <u>Bx. NY 10452</u> | |

| | | |
|---|---|---|
| Defendant No. 5 | Name <u>Lt. James Cosgrove</u> | Shield # _____ |
| | Where Currently Employed <u>Lt. NYPD</u> | |
| | Address <u>44th. Pct 2 East 169 Street</u> | |
| | <u>Bx. N.Y. 10452</u> | |

II.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

   <u>not a prison litigation</u>

B.   Where in the institution did the events giving rise to your claim(s) occur?

   <u>n/a</u>

C.   What date and approximate time did the events giving rise to your claim(s) occur?

   <u>February 24, 2010 approximately 1:30 AM</u>

<span style="border:1px solid">What happened to you?</span>

D.   Facts: <u>The petitioner had committed a robbery; NYPD repsonded. The police offcers cited herein stopped the petitioner. The officers then proceeded to beat the petitioner. The petitioner was beaten all over his body. The officers utlized their</u>

*Rev. 01/2010*                                           2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..................................X
Antonio Roman,

        Plaintiff,

  -against-

MAYOR BLOOMBERG, et. al.

        Defendants.
..................................X

SECOND AMENDED COMPLAINT

(CONTINUED)
under the Civil Rights Act,
42 U.S.C. § 1983

10 Civ. 9297 (LAP)

**DEFENDNATS CONTINUED:**

Defendant No. 6: POF Scarizzini
    NYPD
    44th. Pct. 2 East 169 Street
    BX., N.Y. 10452

Defendant No. 7: PO Gavin
    NYPD
    44th. Pct. 2 East 169 Street
    Bx., N.Y. 10452

Defendant No. 8. PO Laporte
    NYPD
    44th. Pct. 2 East 169 Street
    Bx., N.Y. 10452

Defendant No. 9. PO Sharpe
    NYPD
    44th. Pct. 2 East 169 Street
    Bx., N.Y. 10452

Defendant No.10. PO Adam Landau
    NYPD
    44th. Pct. 2 East 169 Street
    Bx., N.Y. 10452

Defendant(s) No. 11. Unknown

fist, feet, and blunt objects. The petitioner did not
at any time offer any resistance. The beating was apparently
due to the fact the petitioner had stolen approximately $40000
in the robbery. The money has never been located or found.
The petitioner has entered a plea of guilty to the Drugs
Act violation in the Southern District of New York. The
victim was a drug dealer.
This incident is currently under investigation by The Civilian
Complaint Review Board, a Ms. Otero, and Internal Affairs
of NYPD. The petitioner meet with both agencies and his
lawyer David Gordon on May 5, and 9 2011. There is an open
investigation into this matter.

> Was anyone else involved?

> Who else saw what happened?

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Severe trauma to the head and serious psychological damage due
to the seriousness of the beating.

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___ No _x_ not a prison litigation

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure? N/A

Yes _____ No _____ Do Not Know _____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)? N/A

Yes _____ No _____ Do Not Know _____

If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____ No _____    N/A

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____ No _____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

N/A

1. Which claim(s) in this complaint did you grieve?

N/A

2. What was the result, if any?

N/A

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

*Rev. 01/2010*                                     4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief: N/A

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).

There are sufficent medical records and the investigation and the investigation of th eindependent Civilian Complaint Review Board and Internal Affairs substantiate the calim. Photographs taken after arrest are to be exhibits — therefore Puntive Damages must be awarded of a minimum of $500,000 per individual and compensatory damages of $1,000,000 per individual

*Rev. 01/2010*                                     5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

|On these claims| A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No __xx__

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____N/A_____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____
_____4.    Name of Judge assigned to your case _____
5.    Approximate date of filing lawsuit _____
6.    Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

|On other claims| C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No __x__

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____
_____4.    Name of Judge assigned to your case _____
5.    Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _9_ day of __may__, 20_11_.

Signature of Plaintiff _Antonio Roman_

Inmate Number   51745-054

Institution Address   MCC
                     150 Park Row
                     New York, NY 10007

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _9_ day of _May_, 20_11_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Antonio Roman_

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONIO ROMAN,

                    Plaintiff,

     -against-

MAYOR BLOOMBERG for the City of
New York; POLICE COMMISSIONER KELLY
for the New York Police Department;
POF SHANAY BOONE;
SGT. KEVIN GRAYSON;
LT. JAMES COSGROVE; POF SULLIVAN;
PO ADAM LANDAU; SCARIZZINI; PO GAVIN;
PO LAPORTE; PO SHARPE;
PERSONS UNKNOWN,

                    Defendants.

------------------------------------------------------------X

ORDER TO AMEND

10 Civ. 9297 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, currently incarcerated at Metropolitan Correctional Center in New York, New York, brings this *pro se* action, under 42 U.S.C. § 1983, alleging that Defendant police officers assaulted him in February, 2010, in the Bronx, New York. The Court directs Plaintiff to submit a Second Amended Complaint within thirty (30) days of the date of this Order as detailed below.

## STANDARD OF REVIEW

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special

solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges that Defendant New York City police officers falsely arrested him and assaulted him in February, 2010, in the Bronx, New York. On December 9, 2010, Plaintiff filed this action in this Court. On January 25, 2011, the Court ordered Plaintiff to submit a Prisoner Authorization, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), (2). On February 4, 2011, Plaintiff filed his Prisoner Authorization, and on February 8, 2011, the Court granted Plaintiff's Request to Proceed *In Forma Pauperis*.

Plaintiff filed an Amended Complaint on April 21, 2011. In the Amended Complaint, Plaintiff attempts to incorporate by reference numerous parts of the original Complaint by striking and adding statements from specified paragraphs. See Amended Complaint at 1-3.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend the Complaint once as a matter of right. Fed. R. Civ. P. 15(a). Plaintiff may not, however, amend the Complaint by filing piecemeal amendments and supplements, which cause confusion over intended claims and defendants. Rather, the amended pleading must stand alone and must contain all of Plaintiff's claims, without reference to the original Complaint. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

Plaintiff therefore is granted leave to file a Second Amended Complaint. This Second Amended Complaint will be the complaint that controls this action and must include all of Plaintiff's allegations. It cannot reference earlier filed complaints.

## CONCLUSION

Plaintiff is directed to file a Second Amended Complaint containing the information specified above. The Second Amended Complaint must be submitted to this Court's *Pro Se* Office within thirty (30) days of the date of this Order, be captioned as a "**SECOND AMENDED COMPLAINT**," and bear the same docket number as this Order. A Second Amended Civil Rights Complaint form, which Plaintiff should complete as specified above, is attached to this Order. No summons will issue at this time. Once submitted, the Second Amended Complaint will be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If the case is reassigned, a copy of this Order will be served with the Summons and Second Amended Complaint. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the action will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).
to relief.

SO ORDERED:

*[signature]*
LORETTA A. PRESKA
Chief United States District Judge

Dated: **MAY 03 2011**
New York, New York

ORDER MAILED BY PRO SE OFFICE ON 5/3 AL

3