USDC SDNY
DOCUMENT
ELECTRONICALLY ...ED
DOC# _____
DATE FILED: _____ 11/7/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Antonio Roman
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Mayor Bloomberg For The City of New York,
Police Commissioner Kelley For The New York City
Police Department, P.O. Shanay Boone,
L.T. James Cosgrove, P.O. Sullivan, P.O. Sharpe,
P.O. Sullivan, P.O. Laporte, P.O. Scarizzini,
Sergeant Brian Holshek, P.O. John Stoltenborg,
P.O. Michael Greaney.
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☒ Yes    ☐ No
             (check one)

**10** Civ. **9297**    ( RA )(JLC)

NOV 1 0 2014
PRO SE OFFICE

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name  Antonio Roman _____
              ID#   51745-054 _____
              Current Institution  FCI-McKean _____
              Address  P.O. Box 8000, Bradford, PA 16701 _____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name  Mayor Bloomberg _____ Shield #_____
                   Where Currently Employed  Mayor New York City _____
                   Address  235 Broadway #9 _____
                    New York, NY 10007 _____

NOV 0 2014
U.S. DISTRICT ...

*Rev. 01/2010*                                    1

Defendant No. 2    Name Ray Kelley _____ Shield #_____
                   Where Currently Employed N.Y. Police Commissioner _____
                   Address 1 Police Plaza _____
                   _____ New York, NY 10007 _____

Defendant No. 3    Name Shanay Boone _____ Shield #_____
                   Where Currently Employed Police Officer, NYPD _____
                   Address 44th Precinct, 2 East 169 Street _____
                   _____ Bronx, NY 10452 _____

**Who did what?**

Defendant No. 4    Name Lieutenant James Cosgrove _____ Shield #_____
                   Where Currently Employed Police Officer, NYPD _____
                   Address 44th Precinct, 2 East 169 Street _____
                   _____ Bronx, NY 10452 _____

Defendant No. 5    Name Arzina Sharpe _____ Shield #_____
                   Where Currently Employed Police Officer, NYPD _____
                   Address 44th Precinct, 2 East 169 Street _____
                   _____ Bronx, NY 10452 _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____ Not a prison litigation issue _____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____ N/A _____

C.    What date and approximate time did the events giving rise to your claim(s) occur?
_____ February 24, 2010, approximately 1:30 A.M. _____

D.    Facts: The petitioner had committed a robbery, NYPD responded.

**What happened to you?**

The police officers cited herein stopped the petitioner. The officers then proceeded to beat the petitioner. The petitioner was beaten all over his body. The officers utilized their fist, feet, and blunt objects.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                 : No. 10 Civ. 9297 (RA)(JLC)

Antonio Roman,                :

                             : **THIRD AMENDED COMPLAINT**

               Plaintiff,      : **(CONTINUED)**

                             :

   -against-             : **UNDER THE CIVIL RIGHTS ACT,**

                             : **42 U.S.C. § 1983**

Mayor Bloomberg For The City  :
Of New York, et al.,       :

                             :

             Defendants.     :

                             :
-----------------------------------x

**DEFENDANTS CONTINUED:**

Defendant No. 6:  P.O. George Scarizzini,
                  NYPD 44th Precinct, 2 East 169 Street
                  Bronx, NY 10452

Defendant No. 7:  P.O. John Laporte #20299,
                  NYPD 44th Precinct, 2 East 169 Street
                  Bronx, NY 10452

Defendant No. 8:  P.O. Christian Sullivan #27915,
                  NYPD 44th Precinct, 2 East 169 Street
                  Bronx, NY 10452

Defendant No. 9:  Sergeant Brian Holshek #5550,
                  NYPD 34th Precinct, 4295 Broadway
                  New York, New York 10033

Defendant No. 10:  P.O. John Stoltenborg #14707,
                  New York City Police Department
                  Patrol Borough Bronx
                  450 Cross Bronx Expressway
                  Bronx, NY 10457

Defendant No. 11: P.O. Michael Greaney #20646,
                  New York City Police Department
                  Warrant Section
                  300 Gold Street
                  Brooklyn, NY 11201

The petitioner did not at any time offer any resistance. The beating was apparently due to the fact the petitioner had stolen approximately $40000 in the robbery. The money has never been located or found. The petitioner has entered a plea of guilty to the Drugs Act violation in the Southern District of New York. The victim was a drug dealer. This incident is currently under investigation by The Civilian Complaint Review Board, a Ms. Otero, and Internal Affairs of NYPD. The petitioner meet with both agencies and his lawyer David Gordon on May 5, and 9 2011. There is an open investigation into this matter.

Was anyone else involved?

Who else saw what happened?

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Severe trauma to the head and serious psychological damage due to the seriousness of the beating.

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____  No __x__    Not a prison litigation

*Rev. 01/2010*                                        3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ N/A _____

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?
    N/A

    Yes _____    No _____    Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?
    N/A

    Yes _____    No _____    Do Not Know _____

    If YES, which claim(s)?

    _____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes _____    No _____                N/A

    If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes _____    No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?
    _____ N/A _____

    1.  Which claim(s) in this complaint did you grieve?

        _____

        _____ N/A _____

    2.  What was the result, if any?

        _____

        _____ N/A _____

    3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

        ____ N/A _____

        _____

        _____

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:
        _____ N/A _____

        _____

        _____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.    Relief:        N/A

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).

There are sufficient medical records and the investigation and the investigation of the independent Civilian Complaint Review Board and Internal Affairs substantiate the claim. Photographs taken after arrest are to be exhibits – therefore Punitive Damages must be awarded of a minimum of $500 000 per individual and compensatory damages of $1,000 000 per individual

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No _XX_

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _N/A_____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

<table>
<tr><td>On<br>other<br>claims</td></tr>
</table>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No _X___

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____
      If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there
      judgment in your favor?  Was the case appealed?) _____
      _____
      _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this  3  day of ___NOV___, 2014.

Signature of Plaintiff    *Antonio Roman*

Inmate Number    51745 054

Institution Address    FCI McKean

                       P O  Box 8000

                       Bradford  PA 16701

                       _____


Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.

I declare under penalty of perjury that on this  3  day of ___NOV___, 2014, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:  *Antonio Roman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                            :    No. 10 Civ. 9297 (RA)(JLC)

Antonio Roman,

                :    **AFFIRMATION OF SERVICE**

          Plaintiff,    :

   -versus-    :

Mayor Bloomberg For The City    :
Of New York, et al.,    :

          Defendants.    :

-----------------------------------x

    I Antonio Roman hereby state that I have effected service of the foregoing Third Amended Complaint this __3__ day of November, 2014 upon the following parties below:

Sergeant Brian Holshek #5550
NYPD 34th Precinct, 4295 Broadway
New York, New York 10033

P.O. John Stoltenborg #14707
New York City Police Department
Patrol Borough Bronx
450 Cross Bronx Expressway
Bronx, NY 10457

P.O. Michael Greaney #20646
New York City Police Department
Warrant Section
300 Gold Street
Brooklyn, NY 11201

Michael A. Cordozo
100 Church Street
New York, NY 10007

                                  Respectfully submitted,

                                  *Antonio Roman*
                                  Antonio Roman
                                  FCI-McKean
                                  P.O. Box 8000
                                  Bradford, PA 16701
                                  Register No. 51745-054

Dated:

November __3__ , 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
Antonio Roman,                    :
                                  :    No. 10-cv-9297-RA-JLC
              Plaintiff,          :
                                  :
   -against-                      :
                                  :
MAYOR BLOOMBERG FOR THE CITY OF   :
NEW YORK, et al.,                 :
                                  :
              Defendants.         :
                                  :
--------------------------------x

### PLAINTIFF'S ARGUMENTS IN SUPPORT OF AMENDED COMPLAINT

AND NOW, Comes Plaintiff Antonio Roman in the above matter before the Court in his pro se litigant capacity.

Plaintiff submits his Arguments in Support of His Amended Complaint in "Good Faith" and in the interest of finality and justice.   Plaintiff will demonstrate to the Court that he is due the redress and relief he seeks in these proceedings from the Defendants "Excessive Force" Act under the color of law.

### Background

On July 9, 2014 the Court held a telephone conference in this § 1983 case to determine why the identities of some of the Defendant Officers who apprehended Plaintiff Antonio Roman were still unknown. Neither Plaintiff nor the City of New York Law Department, which represents Defendants in this action, had been able to identify these individuals.  Following this telephone conference, on July 14, 2014, the Court ordered the U.S. Attorney's Office for the Southern District of New York to identify the police officers to who AUSA Blais referred to at Plaintiff's sentencing hearing on July 26, 2011.

On August 12, 2014, AUSA Brian Blais submitted his Declaration to the Court and named the following officers who either participated in or witnesses the arrest of Plaintiff on February 24, 2010 whom he was referring to when he spoke at the July 26, 2011, sentencing hearing below:

Police Officer Michael Greaney

Police Officer Brian Holshek

Police Officer Martin McManus

Police Officer Ronald Reid

Police Officer Arzina Sharpe

Police Officer John Stoltenberg

Police Officer Vincent Trozzi

AUSA Brian Blais states within his Declaration, he states that these officer either participated in or witnessed the arrest, in reference to notes of interviews he conducted, and the notes of interviews that his colleague, Harris Fischman conducted. Also, within the Courts August 12, 2014 Order, the Court Ordered the Law Department to provide the identities of the unidentified individuals within sixty days and also provide their addresses so they may be served.

On October 17, 2014, I received a copy of the Defendants reply to the Courts order.

Within the Reply dated October 14, 2014, the Law Department selected the Police Officers which they have identified three individuals contrary to the seven which were identified by AUSA Brian Blais.

-2-

## CLAIM

Plaintiff's Complaint Pleading The Known Defendants
Along With The Newly Discovered Named Defendants,
And Others Should Be Included As Defendants Due To
The New York Police Department Patrol Guide

### ARGUMENT

Plaintiff argues that, the three 'Newly Named Defendants' along with those already pleaded, and others which were not allowed to be added, are also parties to these proceedings.

1. Affidavit of Officer Shanay Boone ¶ 5:

The first time I ever saw Antonio Roman was at the 44th precinct after his arrest. I processed his arrest paperwork at the 44th precinct.

Now on her arrest report R323236, Boone states that she found the property that was recovered from perp pocket jeans. Vouchered evidence f785455, Total cash value $379. At one point, Boone had to have interaction with Plaintiff to have taken the cash out of my pants pocket at the scene or at the 44th precinct. Plaintiff further argues that, "if" not, then she has first hand knowledge of the officer or officers who did hand her the evidence.

Now arrest evidence report R291817 and R291818, invoicing officer as arresting officer is Boone but as finder of property is recorded as Arzina Sharpe, which is items that was in my jeans pocket inside a black wallet.

-3-

2.  <u>Affidavit of Officer Shanay Boone ¶ 6</u>:

Boone makes the following statement: "I don't know which officers apprehended Antonio Roman on February 24, 2010. I recall that many officers responded to the scene, but I do not know all of their names."    However, on document D59, Civilian Complaint Review Board (CCRB) Interview Sheet, where the interview was conducted by Evelis Otero on 6-22-11 around 9:28 a.m., ending at 9:40 a.m., Boone makes the following statement: 'The following officers were at the rear of 1370 University Ave. where Mr. Roman was ultimately apprehended. P.O. Sharpe, P.O. Reid, P.O. Rau, P.O. Madden, and Sergeant Otero.'  There were additional officers but P.O. Boone was only able to identify the aforesaid officers. But also indicated that the only officers that responded to the scene were officers from the 44th precinct, followed by ESU.

   Plaintiff argues that, in accordance with Document D1069 ¶3 mandates the following. At the scene of a police incident, many members of the service may be present and some members may not be directly involved in taking police actions. However, this does <u>not</u> relieve any member present of the obligation to ensure that the requirements of the law and Department regulations are complied with members of the service are required to maintain control or intervene if the use of force against a subject clearly becomes excessive. Failure to do so may result in both criminal and civil liability. <u>EXCESSIVE FORCE WILL NOT BE TOLERATED</u>.  Furthermore, Document D1070 ¶ 3, mandates: The member assuming custody of the subject should closely observe him or her for any apparent injuries. If the area is dark, a flashlight or other source of illumination should be used to maintain a clear view of the subject at all times.

Also under the same Document i.e. D1070 at ¶ 4, mandates: If a person appears to be having difficulty breathing or is otherwise demonstrating life-threatening symptoms, medical assistance will be requested <u>immediately</u>.  The patrol supervisor will direct that alternate means to maintain custody be utilized, if appropriate. (Quoted from, City of New York Police Department Patrol Guide USE OF FORCE Procedure No: 203-11 D1069 thru D1070.

In conclusion with P.O. Boone, Plaintiff will like to direct the Courts attention to the interview sheet from Evelis Otero which demonstrates that Boone must be a partie in these proceedings where she states that, P.O. Boone was ultimately assigned to the arrest and she returned to the 44th precinct to prepare the arrest paperwork.

3. <u>Document D68, Case No. 201103067, Dated 9-1-11 from The Civilian Complaint Review Board, Subject: Paul Rau</u>

Interview conducted by Investigator Evelis Otero around 10:40 a.m. to 10:45 a.m., P.O. Rau is partner with P.O. Madden.

In P.O. Rau statement, P.O. Rau and P.O. Madden went upstairs and knocked on the apartment door, but received no response. P.O. Rau did not hear any noise coming from the apartment. P.O. Rau and P.O. Madden were instructed by a supervisor to remain outside of the apartment. P.O. Rau could not identify this supervisor. ESU Officers arrived sometime thereafter and entered the apartment. Only P.O. Rau and P.O. Madden was assigned to remain at 3B.

Now, on Boones report e.g. Document D59, Boone states that Mr. Frias informed the officers that the perpetrator, later identified as Antonio Roman, was still in the apartment. P.O. Boone, P.O. Laporte and Lieutenant Cosgrove entered the building and waited outside of apartment 3B for ESU to arrive.

Plaintiff directs this Courts attention to Police Officer Boones'
Affidavit at ¶ 6, were Boone states: 'I recall that Officer
Laporte and Lieutenant Cosgrove were with Me inside the building
at 1370 University Ave. Lieutenant Cosgrove was the Platoon
Commander at the scene that night.' Plaintiff wants to point
out to the Court and demonstrate a [pattern] which the Defendants
used when being questioned. Now in Boones' Statements e.g., D59
before the CCRB, she does not mention P.O. Rau or P.O. Madden
entering the building with her but instead that, Rau, Madden,
Sharpe, Reid and Sergeant Otero, were at the rear of 1370
University Ave. where Plaintiff was ultimately apprehended.
However, P.O. Rau statement e.g. D68 Statement before the CCRB,
states different. These two officers statements contradict the
events which took place which should be said they are covering up
for one another due to these inconsistencies.

   4. <u>Document D63, Case No. 201103067, Dated 9-1-11 from The
      Civilian Complaint Review Board, Subject: Joseph Madden</u>

   Interview conducted by Investigator Evelis Otero at around
10:30 a.m. ended at 10:48 a.m., P.O. Madden is Partner with P.O.
Rau.   P.O. Madden mention, Sergeant Gabriel Otero arrived on the
scene at this time and instructed all four officers to go up to
the 3rd Floor and secure the front door of the apartment.
The Officers went upstairs at this time. P.O. Madden, P.O. Rau,
and P.O. Laporte remained outside of the complainants apartment
for approximately an hour. P.O. Madden did not hear any noise
coming from the complainant's apartment. No one from the
complainant's apartment or any other apartment came out at any
point. ESU Officers arrived on the scene and entered the
apartment, securing it.

-6-

Plaintiff states that, there is more contradiction because nowhere in this report P.O. Madden mention Lieutenant Cosgrove, Platoon Commander was with them at the scene. However, P.O. Boones' Affidavit, at ¶ 6, she state that, 'I recall that Laporte and Lieutenant Cosgrove were with me inside the building 1370 University Ave.' Nowhere in her Affidavit mentions P.O. Madden or P.O. Rau.

5. Document D74, Case No. 201103067, Dated 9-1-11 from The Civilian Complaint Review Board, Subject Ronald Reid

Interview conducted by Investigator Evelis Otero at around 10:51 a.m. ending at 11:01 a.m., Partner, P.O. Sharpe. P.O. Reid and P.O. Sharpe went around the perimeter and went to the parking lot. By the time they arrived at the parking lot, Mr. Roman had already been apprehended and handcuffed by officers.

6. Document D82, Case No. 201103067, Dated 11-16-11 from The Civilian Complaint Review Board, Subject: Arzina Sharpe

Interview conducted by Investigator Evelis Otero at around 10:05 a.m. end 10:14 a.m., Partner, P.O. Reid. P.O. Sharp informed the officers standing at the rear of the building, whom she identified as P.O. Reid, P.O. Trozzi, and P.O. Scarazzini. "Look! "there's feet." P.O. Sharpe was unable to identify any other officers present during this incident.

However, when she submitted her <u>Affidavit</u> to the Court in these proceedings, she stated: 'I ran to my car and drove to the parking lot behind the building, where this man was in handcuffs being escorted to a prisoner van, but I do not recall the identity of the officers who I saw escorting Plaintiff. There were approximately twenty officers present. I was not one of the officers who apprehended Antonio Roman, and I do not know whether he resisted arrest. I do not know whether force was used in his arrest.'

-7-

As the Court can has read in both P.O. Sharpe and partner Reids' statements, Mr. Roman had already been apprehended and handcuffed by officers, but they claim they were unable to identify any of the officers. As well as P.O. Martin McManus and his partner Vincent Trozzi who had the interview with Evelis Oteros' Document D96 and Document D86, have made the same statement.

A Declaration of Brian Blais dated August 11, 2014 stated based on my review of those notes, I believe that the following officers I was referring to when I spoke at the July 26, 2011 sentencing hearing names of officers, P.O. Greaney, P.O. Holshek, P.O. McManus, P.O. Reid, P.O. Sharpe, P.O. Stoltenberg, and P.O. Trozzi.

   7.  Document D91, Case No. 201103067, Dated 12-8-11 from The Civilian Complaint Review Board, Subject: George Scarazzini

Interview conducted by Investigator Evelis Otero at around 10:24 a.m. end 10:32 a.m., Partner, P.O. Sullivan, P.O. Cruger. On February 24, 2010, P.O. Scarazzini, P.O. Sullivan and P.O. Cruger responded to a home invasion at 1370 University Ave. in the Bronx. When they arrived on the scene, P.O. Cruger immediately entered the building and P.O. Scarazzini did not see him after that. P.O. Scarazzini and P.O. Sullivan went to the side of the building. At paragraph 3, line 4, P.O. Scarazzini indicated that P.O. Sharpe was also present in the area. P.O. Scarazzini could not recall any other officers at that location. Paragraph 3, line 12, P.O. Scarazzini stated that he ran towards the location where Mr. Roman fled to, which was a parking lot.  Within Scarazzinis' Affidavit, ¶ 6, he stated, 'I recall that many officers responded to the scene, but I do not know their names. I worked with a variety of partners during the time period in question. And I do not know who my partner on the that particular night.'

-8-

8. <u>Document D101, Case No. 201103067, Dated 2-16-12 from The
Civilian Complaint Review Board, Subject: Christian Sullivan</u>

Interview conducted by Investigator Evelis Otero at around
9:25 a.m. end 9:33 a.m., Partners P.O. Cruger and Scarazzini.
In P.O. Sullivans statement, was unable to identify any
additional officers besides his partners and P.O. Sharpe, an
unidentified officer went over the radio and instructed officers
to set up a perimeter around the building. P.O. Sullivan could
not recall who provided these instructions over the radio.
P.O. Sullivan, P.O. Cruger and P.O. Scarazzini went to the south
side of the building.

9. <u>Document D105, Case No. 201103067, Dated 3-28-12 from
The Civilian Complaint Review Board, Subject: James Cruger</u>

Interview conducted by Investigator Evelis Otero at around
10:36 a.m. end 10:40 a.m., Partners, P.O. Sullivan and P.O.
Scarazzini. P.O. Cruger reviewed his memo book entries and stated
that he responded to a 10-52 (dispute) at 1305 Morris Ave at 1:30
a.m. and finished with job at 1:45 a.m.  P.O. Cruger stated that,
1305 Morris Ave. is on the other side of the precinct.
P.O. Cruger denied all of the allegations.

Plaintiff states that, this statement that P.O. Cruger has made,
does not corroborate with his partners statements.

It really shows that, he doesn't want to be part of that night.

10. <u>Affidavit of Lieutenant Cosgrove ¶ 5</u>

Cosgrove stated the following:

'I recall that many officers responded to the scene, but I do not
know all of their names. I was the Platoon Commander on the
scene.'

-9-

Document D1070 e.g. Use of Force States: If a person appears to be having difficulty breathing or is otherwise demonstrating life threatening symptoms, medical assistance will be requested immediately. The Patrol Supervisor will direct that alternate means to maintain custody be utilized.

Document D40

Robert Walsh, EMT., indicated that it was odd to him that he was not asked to respond immediately to the location of incident, as usually occurs in case with injuries that could be life threatening.

Plaintiff argues that, every officer who was mentioned was present or have knowledge of the arrest. In everyone of those report's either they was at the rear of the building or was heading to the parking lot which they were additional officers but was unable to identify the arresting officers.

In P.O. Boone, statement to Investigator Evelis Otero in document D59, she indicated that the only officers that responded to the scene were officers from the 44th precinct, followed by ESU. As P.O. Sharpe mentioned on her Affidavit, there were approximately twenty (20) officers present.

Corporation Counsel for the defendants, Michael A. Cordozo, filed a Defendants Disclosure pursuant to Fed. R. Civ. P. 26(A)(1)(a). The name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information. (Witness)
**(Continued on other page)**

**Names Given by Corporate Counsel Michael A. Cordozo**

P.O. Shanay Boone #17211 from the 44th precinct

Lieutenant James Cosgrove, retired (after the incident)

P.O. Ralph Pabon #12553, from the 44th precinct

P.O. Paul Rau #28460, from the 44th precinct

Sergeant Gabriel Otero, #03189, from the 44th precinct

P.O. John Laporte #20299, 44th precinct

P.O. Joseph Madden #13156, 44th precinct

P.O. Arzina Sharpe #15512, 44th precinct

P.O. Ronald Reid #27941, 44th precinct

P.O. Vincent Trozzi #19000, 44th precinct

P.O. George Scarazzini, 44th precinct

P.O. James Cruger #21311, 44th precinct

P.O. Martin McManus #03350, 44th precinct

P.O. Dawn Gavin #859, Transit District

P.O. Christian Sullivan #27915, 44th precinct

P.O. Tai Lee #11941, 44th precinct

Sergeant Thomas Swicick #871, 44th precinct

Prior to the Court ordering the Defendants Attorneys' to produce the names, Plaintiff requested to add the names of officers I discovered through the discovery documents I received from their attorney, whom I recognized who responded to the call on February 24, 2010, at 1370 University Ave., such as, P.O. Smith, P.O. Pabon, P.O. Rau, Sgt. Otero, P.O. Madden, P.O. Reid, P.O. Trozzi, P.O. Cruger, P.O. McManus, and P.O. Tai Lee. Which was denied by Magistrate Judge James L. Cott.

In accordance Document D1069 e.g. Use of Force Patrol Guide, Plaintiff argues that, it specifically mandates the following:

> At the scene of a police incident, many members of the service may be present and some members may not be directly involved in taking police actions. However, this does <u>not</u> relieve any member present of the obligation to ensure that the requirements of the law and Department regulations are complied with.  Members of the service are required to maintain control or <u>intervene</u> if the use of force against a subject clearly becomes excessive. [F]ailure to do so may result in both criminal and civil liability.
> **EXCESSIVE FORCE WILL NOT BE TOLERATED.**

Plaintiff request the Honorable Judge Ronnie Abrams, will allow the following officers to be added as well on the third amended complaint. P.O. Smith, P.O. Pabon, Sgt. Otero, P.O. Madden, P.O.-Cruger, and P.O. Tai Lee.  Plaintiff also seeks for AUSA Brian Blais to provide the Plaintiff Antonio Roman, with the notes he referred to in his Declaration, were he stated that the interviews were conducted by him or his colleagues concerning the officers in question. Plaintiff seeks to have those notes as part of the discovery. Plaintiff believes that as a matter of the law and facts of this case that, every officer whose name is on the civil complaint is to stay on it with the exception of **P.O. Grayson, P.O. Landáu, and Gavin.** Sgt. Gavin and his partner Balicki was not on duty at the time of the incident. P.O Landau was not one of the officers at the scene but was the officer guarding my room at Lincoln Hospital. P.O. Kevin Grayson, was in the evidence room at the 44th precinct at the time of question.

-12-

Wherefore, Plaintiff prays that the Court grant him the relief he seeks in these proceedings.

                          Respectfully submitted,

                          *Antonio Roman*
                          Antonio Roman
                          P.O. Box 8000
                          Braford, PA 16701
                          Register No. 51745-054

 Dated:
 ~~October~~ *November* 3 , 2014

-13-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
                                 :
Antonio Roman,                   :    10 CV 09297 (RA)(JLC)
                                 :
              Plaintiff,         :
                                 :    **AFFIRMATION OF SERVICE**
    -versus-                     :
                                 :
MAYOR BLOOMBERG FOR THE CITY OF  :
NEW YORK, et al,                 :
                                 :
              Defendant.         :
                                 :
---------------------------------x

I Antonio Roman hereby state that I have effected service of the foregoing Arguments in Support of Amended Complaint upon opposing counsel by placing a true and correct copy into the U.S. Postal Service this __3__ day of ~~October~~ November, 2014 addressed to the following parties below:

Michael A. Cardozo
100 Church Street
New York, New York 10007

                    Respectfully submitted,

                    Antonio Roman
                    Antonio Roman
                    FCI-McKean
                    P.O. Box 8000
                    Bradford, PA 16701
                    Register No. 51745-054

Dated:
~~October~~ November __3__, 2014



FEDERAL CORRECTIONAL INSTITUTION, MCKEAN
P.O. BOX 5000, BRADFORD, PA 16701
DATE: 11-3-14

The enclosed letter was processed through special mailing procedures
for forwarding to you. The letter has neither been opened nor
inspected. If the writer raises a question or problem over which
this facility has jurisdiction, you may wish to return the material
for further information or clarification. If the writer encloses
correspondence for forwarding to another addressee, please return
the enclosure to the above address.

Ronnie Abrams
500 Pearl st U.S. District Court
Southern District Court
NEW YORK, NY 10007
United States